14-3869-cv
*Spratt v. Verizon Commc'ns Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand sixteen.

PRESENT:   RALPH K. WINTER,
           DENNY CHIN,
           SUSAN L. CARNEY,
                *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RONALD SPRATT,
            *Plaintiff-Appellant*,

                       v.                                    14-3869-cv

VERIZON COMMUNICATIONS INC.,
            *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      RONALD SPRATT, *pro se*, Albany, New York.

FOR DEFENDANT-APPELLEE:       MATTHEW T. MIKLAVE, Ian T. Clarke-Fisher, Robinson & Cole LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Ronald Spratt, proceeding *pro se*, appeals the judgment of the district court entered September 22, 2014 in favor of defendant-appellee Verizon Communications Inc. ("Verizon"), dismissing his claims of discrimination and retaliation in violation of 42 U.S.C. § 1981. By Memorandum and Order entered September 17, 2014, the district court granted Verizon's motion for summary judgment. Spratt also challenges the district court's September 17, 2013 denial of leave to amend the complaint for a third time to add a party. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate when there is 'no genuine dispute as to any material fact' and the moving party is 'entitled to judgment as a matter of law.'" *Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 192 (2d Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). We resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Gould v. Winstar Commc'ns, Inc.*, 692 F.3d 148, 158 (2d Cir. 2012). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."

2

*Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133, 137 (2d Cir. 2010) (quoting *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996)). A district court's decision to deny leave to amend a complaint is reviewed for abuse of discretion. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 169 (2d Cir. 2015).

Upon review, we conclude that the district court correctly ruled that Spratt's discrimination claim failed as a matter of law because he was unable to raise an inference of discriminatory intent in connection with his termination. The only direct evidence of racially discriminatory animus -- a pair of racist remarks made by Spratt's supervisor, Emilio Acevedo, a year and a half before the events in question -- do not raise such an inference because the remarks were too remote from, and unrelated to, the decision-making process that resulted in Spratt's termination. Nor did Spratt present indirect or circumstantial evidence from which a reasonable jury could have found that discrimination was a motivating factor in his discharge.

Likewise, the district court correctly determined that the record contained insufficient evidence to raise a triable issue of fact as to retaliation. The district court correctly identified Spratt's retaliation claim as a "cat's paw" theory of liability, meaning that he sought to hold Verizon liable for the animus of a supervisor who was not ultimately responsible for the employment decision. *See Staub v. Proctor Hosp.*, 562 U.S. 411, 421-22 (2011) (accepting the validity of cat's paw analysis in the context of employment discrimination under the Uniformed Services Employment and

3

Reemployment Rights Act of 1994). A supervisor's retaliatory actions must be the "but-for" cause of the employer's adverse employment action. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013)) (discussing retaliation in the context of Title VII); *see also Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) (holding that substantive legal principles for claims under Title VII also apply to claims under § 1981). Although the district court held that Spratt had failed to establish *proximate cause* between Acevedo's allegedly false report of the January 14 telephone conversation and Spratt's termination, application of the proper but-for standard only buttresses the court's conclusion as it eliminates the need to weigh the relative impact of Acevedo's allegedly false report.

Finally, the district court did not abuse its discretion in denying Spratt's *post hoc* motion to amend his complaint to re-add Acevedo as a party two years after he had stipulated to Acevedo's dismissal. Accordingly, we affirm for substantially the reasons stated in the district court's well-reasoned and thorough orders.

Additionally, Spratt's contention that he was the victim of disability discrimination will not be considered because it is raised for the first time on appeal. *See Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 724 (2d Cir. 2013).

We have considered all of Spratt's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk